FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 27 2016

SEAN F. McAVOY, CLERK
_____DEPUTY
YAKIMA, WASHINGTON

MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
THOMAS J. HANLON
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,           )   NO: 1:15-CR-2068-LRS-3
                                    )
            Plaintiff,              )
                                    )   Plea Agreement
   vs.                              )
                                    )
ISRAEL GARCIA,                      )
                                    )
            Defendant.              )
_____)

Plaintiff United States of America, by and through Michael C. Ormsby, United States Attorney, and Thomas J. Hanlon, Assistant United States Attorney, for the Eastern District of Washington, and the Defendant, Israel Garcia, and the Defendant's counsel, Michael W. Lynch, agree to the following Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C):

Plea Agreement - 1

### 1. Guilty Plea and Maximum Statutory Penalties:

The Defendant agrees to enter a plea of guilty to Count 5 of the Superseding Indictment filed on December 8, 2015, charging the Defendant with Assault on Federal Officers, in violation of 18 U.S.C. §111(a)(1) & (b).

The Defendant understands that the maximum penalty for Assault on Federal Officers, in violation of 18 U.S.C. §111(a)(1) & (b) is: a twenty (20) year term of imprisonment; a fine not to exceed $250,000; a three (3)-year term of supervised release; and a $100 special penalty assessment.

### 2. Fed. R. Crim. P. 11(c)(1)(C) Plea:

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a sentenced lesser than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

Here, the parties have agreed to recommend that the Court impose a sentence of 84 months imprisonment; a 3 year term of supervised release; and a $100 special penalty assessment.

### 3. Effect on Immigration Status:

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to Assault on Federal Officers, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that while deportation and/or removal appears to be a virtual certainty, no one, including his attorney or the district court, can predict with absolute certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty.

### 4. Waiver of Constitutional Rights:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a) The right to a jury trial;

(b) The right to see, hear and question the witnesses;

(c) The right to remain silent at trial;

(d) The right to testify at trial; and

(e) The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands that he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

**4. Elements of the Offense:**

The United States and the Defendant agree that in order to convict the Defendant of Assault on Federal Officers, in violation of 18 U.S.C. § 111(a)(1) & (b), the United States would have to prove beyond a reasonable doubt the following elements:

First, the defendant forcibly assaulted Agent # 1, Agent #2, and Agent #3;

Second, the defendant did so while Agent #1, Agent #2, and Agent #3 were engaged in, or on account of their official duties;

Third, the defendant used a firearm.

There is forcible assault when one person intentionally threatens another coupled with the apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

Plea Agreement - 4

A firearm is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

*9th Cir. Model Jury Instr. 8.4 (modified)(2015).*

**5.    Factual Basis and Statement of Facts:**

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On October 16, 2015, law enforcement officers arrived at the Defendant's residence to execute a federal search warrant. The Defendant resided in an apartment located in Yakima, Washington. The law enforcement officers knocked on the door, announced that they were law enforcement officers, and advised that they possessed a search warrant for the premises. The Defendant did not answer the door. The officers opened the front door and attempted to enter the residence. As they entered, the officers heard the sound of a firearm being locked and loaded. The officers withdrew from the residence. The Federal Bureau of Investigation ("FBI") SWAT team arrived to assist. The FBI SWAT team consisted of special

Plea Agreement - 5

agents who were engaged in the performance of their official duties. Each member of the FBI SWAT team wore clothing which indicated they were federal law enforcement officers. Agent #1, Agent #2, and Agent #3 of the FBI SWAT team were aware that the Defendant was in possession of a firearm. During this time, the agents heard the Defendant state that he was going to "start shooting." Due to the Defendant's words and actions, the three agents had reasonable apprehension of immediate bodily harm. Throughout the next three hours, the Defendant continued to make verbal threats that he was going to shoot. Eventually, the Defendant disposed of the firearm and attempted to flee from the residence. The Defendant was apprehended a short distance from the residence.

The law enforcement officers entered the Defendant's residence. A Zastava, Model M92PV, 7.62 x 39 caliber pistol, bearing serial number M92PV006483 was found in the residence.

**6. Waiver of Inadmissibility of Statements:**

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed.R.Crim.P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case

would be admissible against the Defendant in the Government's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7. **The United States Agrees:**

(a.) Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

(b.) Dismissal:

At sentencing, the United States agrees to dismiss Count 3 of the Superseding Indictment which charges Felon in Possession of Firearms; and Count 7, which charges Carrying of a Firearm During and in Relation to a Crime of Violence.

8. **United States Sentencing Guideline Calculations:**

(a.) Base Offense Level:

The United States and the Defendant have no agreement as to the base offense level.

(b.) Specific Offense Characteristics:

The United States and the Defendant have no agreement as to the applicability of any specific offense characteristics.

(c.) Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty as soon thereafter as it may be placed on the court's docket, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility, and if Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness. See U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

Plea Agreement - 8

(d.) Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation ultimately will be determined by the Court after review of the Presentence Investigative Report.

9. **Incarceration:**

The United States and the Defendant agree to recommend a sentence of 84 months imprisonment.

10. **Criminal Fine:**

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11. **Supervised Release:**

The United States and the Defendant agree to recommend that the Court impose a three year term of supervised release, and to include special conditions as recommended by United States probation, in addition to the standard conditions of supervised release.

12. **Mandatory Special Penalty Assessment:**

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before

Plea Agreement - 9

sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**13. Additional Violations of Law Can Void Plea Agreement:**

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

**14. Appeal Rights:**

The Defendant waives any right to appeal this conviction and the sentence imposed by the Court. The Defendant also waives any right to collaterally attack this conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel

as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

**15.    Integration Clause:**

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Michael C. Ormsby
United States Attorney

_____    4/27/16
THOMAS J. HANLON                    Date
Assistant United States Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. My attorney has advised me that by pleading guilty to the charge relevant to this Plea Agreement, as of this date, deportation appears to be a virtual certainty. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    4/25/16
ISRAEL GARCIA                       Date
Defendant

Plea Agreement - 12

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____  4.25.16
MICHAEL W. LYNCH          Date
Attorney for the Defendant

Plea Agreement - 13